# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHRISTOPHER DUBOIS** | **CIVIL ACTION** |
| **VERSUS** | **NO: 07-9461-SSV-SS** |
| **INTERNATIONAL OFFSHORE SERVICES, L.L.C.** | |

## ORDER

PLAINTIFF'S MOTION FOR SANCTIONS (Rec. doc. 32)

    **DENIED**

DEFENDANT'S MOTION FOR SANCTIONS (Rec. doc. 37)

    **DENIED**

Before the undersigned are cross-motions for sanctions.[1] The plaintiff, Christopher Dubois ("Dubois"), contends that the defenses raised by the defendant, International Construction Group, L.L.C. ("International"), should be struck and a judgment entered in Dubois' favor on the issue of liability. International contends that Dubois' claim for lost wages should be struck. The pretrial conference is set for January 22, 2009. The trial is set for February 9, 2009 before the District Judge without a jury. Rec. doc. 12.

Dubois was employed as a rigger aboard International's vessel in the summer of 2007, when he alleges that he fell. He worked the remainder of his shift and completed the next one.

---

[1] The plaintiff's motion was filed on January 12, 2009. Rec. doc. 32. His request for expedited consideration was granted, and the motion was set for January 21, 2009. Rec. docs. 33 and 36. The defendant's motion was filed on January 19, 2009 with a request for expedited consideration which is granted. Rec. docs. 37 and 40. These motions will be resolved prior to the pretrial conference set for January 22, 2009. Rec. doc. 12.

International reports that, when Dubois went ashore, he reported the incident to Gregory Serigny, the safety manager. Thereafter, he went to Dr. Blanchard on one of his scheduled days off complaining of pain. He returned to Dr. Blanchard five days later and reported that he was "100%". He quit International and applied for a position at Performance Energy Services, LLC ("PES"). He completed the pre-employment physical. He worked for PES as a rigger for about two months without complaining about his back. Dubois now states that he lied to Dr. Blanchard and he lied to the doctor for PES. Rec. doc. 23 (Exhibit A).

Dubois sought any photographs of the alleged accident scene. When International responded on April 15, 2008, it did not produce any photographs. On December 29, 2008, it produced some photographs. International reports that the photographs were probably taken by Serigny, who is no longer employed by it. Rec. doc. 38 at 3. Dubois contends that he has been prejudiced by the belated production of the photographs while International contends there has been no prejudice. Dubois bears some of the responsibility for this issue. Although he reported the unwitnessed incident to Serigny, it is reasonable to conclude that his misrepresentations to Dr. Blanchard and the doctor for PES about his health led Serigny and International to conclude there was no significance to the incident. Under these circumstances digital photographs may not have found their way into his file. The undersigned agrees with International that there has been no prejudice to Dubois.

International contends that it recently discovered that Dubois lied in his responses to interrogatories and in his deposition concerning medical treatment for a motor vehicle accident which occurred about a year before the alleged accident on International's vessel and his post-accident work activity. These issues do not mandate the imposition of sanctions but rather International may make use of them at the trial in its attempt to impeach Dubois' testimony.

IT IS ORDERED that: (1) Dubois' motion for discovery sanctions (Rec. doc. 32) is DENIED; (2) International's motion for expedited hearing (Rec. doc. 40) is GRANTED; and (3) International's motion for sanctions (Rec. doc. 37) is DENIED.

New Orleans, Louisiana, this 20th day of January, 2009.

**SALLY SHUSHAN**
**United States Magistrate Judge**